## HUBBARD *versus* AND. & KEN. RAILROAD CO.

In claiming damages of defendants for the bad condition in which they left the passage-way from the highway to his tavern stand, the plaintiff cannot show that the carriages of travelers were upset by reason of defendants' omission.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.
TRESPASS *quare clausum.*

The defendants' railroad passed in the vicinity of the plaintiff's premises; and the latter proved that the defendants had dug down and widened the wrought part of the highway, between their location on the west, and his tavern house on the east, and had thereby rendered difficult the access from the highway to his house.

There was some evidence tending to show a breach of plaintiff's close.

The plaintiff also proved, that on two occasions the carriages of travelers had been upset in attempting to pass from the highway to his tavern house.

This evidence was objected to, but admitted by the Court. A verdict was returned for plaintiff.

*J. H. Drummond* and *H. W. Paine,* for defendants.

The evidence objected to should not have been admitted.

1. It had no tendency to prove the condition of the passage-way.

2. The defendants could not have anticipated and could not have prepared to meet such evidence. 1 Greenl. Ev. § 52.

3. The introduction of such proof must lead to a multitude of issues. 1 Greenl. Ev. § 448.

*Bradbury,* for plaintiff, contended, that the evidence was admissible as showing the condition of the passage-way left by defendants, and also as bearing upon the question of damages.

APPLETON, J. — The condition of the road, as left by the defendants, was a matter for the consideration of the jury. That condition was to be ascertained from the testimony of witnesses. If the fact, that one or more persons had been upset in driving over the road in question, were to be regarded as admissible in evidence, then it would necessarily be proper to receive testimony to show that the accidents which may have occurred, were the results of carelessness or negligence on the part of those sustaining the injuries of which complaint is made. It would be equally

proper to show the number of carriages which may have safely passed over. But if proof of this description should be received, then the opposing party would obviously have the right of showing, that in all of those instances extraordinary care had been used, for the purpose of rebutting the inference which might otherwise arise, that the road was safe and convenient. As many distinct issues might thus be raised as there were instances of carriages passing over the road. The attention of the jury would be thus diverted from the questions really in dispute and directed to what is entirely collateral. Neither can such evidence be regarded as necessary. The width of the road, the smoothness of its surface, its elevations and depressions, the obstructions remaining thereon and their size and position, are all susceptible of exact admeasurement, and from these facts as disclosed with more or less of accuracy, it will be for the jury to determine how far and to what extent the condition of the road may have been the cause of injury to the party complaining. The evidence of carriages having been upset in attempting to pass from the highway to the plaintiff's tavern, was improperly received and a new trial must be granted.. *Collins* v. *Dorchester*, 6 Cush. 396; *Aldrich* v. *Pelham*, 1 Gray, 510. *Exceptions sustained.*

*New trial granted.*

Tenney, J., was unable to be present at the hearing and took no part in the opinion.