HARVARD
LAW SCHOOL
LIBRARY

## Sherman *vs.* Kortright

In an action against an overseer of highways, for causing embankments or breaks to be made across the road, on a hill, whereby the plaintiff was thrown from his wagon and injured, evidence offered by the plaintiff, to show that within a week of the time of the accident, a person was upset, at the same place, and a lady was thrown out of the wagon in which she was; and that about the same time the plaintiff was injured, or within two or three months of that time, several accidents of a similar kind occurred, from the same cause, at the same place, is not admissible.

Where in such an action the plaintiff alleged, in one count of his complaint, that the defendant was fully informed and knew of the danger of the embankments placed by him upon the highway, and that he *willfully* and *wrongfully* persisted in erecting and maintaining them, across the highway; *Held,* that an issue being raised as to the defendant's malice and intentions, it was not erroneous to permit him to prove that he had no malice or ill will, or intention to injure the plaintiff.

*Held, also,* that it was not erroneous to permit the defendant to prove by a witness, that he and others who were consulted concurred with the defendant in approving of the way and manner in which the breaks were made.

THIS action was tried at the Ulster circuit. It was brought to recover for injuries to the plaintiff, caused by the running away of his horse, the breaking of his wagon, and his being thrown out, while descending a hill, in the town of Rochester, Ulster county, known as "Deyo's hill." The first count of the complaint alleged that the defendant made or caused to be made across the road on the said hill, several embankments or breaks, which were steep, and composed of large unbroken lumps of dirt. That thereby the plaintiff's wagon was precipitated against his horse while passing over the same, and the injury occurred in consequence.

The second count alleges that the defendant, while acting as overseer of highways of the town of Rochester, caused said embankments to be made; that they were exceedingly dangerous, and known to be so, by the defendant, and that he "*willfully and wrongfully*" persisted in erecting, and kept and retained them, and thereby the plaintiff suffered his injuries.

The answer, among other things, alleged that the breaks were necessary for the proper repair of the road at that point, and were made by the defendant in the performance of his duty as overseer, and that he caused them to be constructed according to his best knowledge and judgment, and used all proper care and skill, and that they were made but a short time before the injury to the plaintiff.

It appeared, on the trial, that the breaks or embankments were repaired and constructed the day previous to the injury, and that when the overseer and his gang left the work on the night previous, they were completed, all but packing with gravel.

Evidence was adduced on behalf of the plaintiff, tending to show that the breaks were unusually high and not properly constructed. The defendant introduced evidence tending to show that the breaks were properly built, and in accordance with the usual plan of building and repairing the road at that point. That the defendant acted according to his best judgment, and with no ill will to the plaintiff in constructing them; also, evidence tending to show that at the time of the accident the plaintiff was traveling on Sunday for an unlawful purpose; also, evidence that the plaintiff's horse was unsafe and vicious and unfit to travel with, and that the plaintiff was well acquainted with this route.

The court submitted the case to the jury, who found a verdict for the defendant.

The plaintiff made a bill of exceptions; which was settled, and ordered to be heard in the first instance at the general term. The case was submitted on printed points. The questions raised appear in the opinion.

*T. R. Westbrook*, for the plaintiff.

*J. Hardenburgh* and *S. Hand*, for the defendant.

Sherman *v.* Kortright.

*By the Court*, MILLER J. The only questions presented in this case, relate to the rulings of the justice on the trial, upon the admission and rejection of evidence.

I. It is objected that the court erred in rejecting the evidence offered by the counsel for the plaintiff to show that within a week of the time of the accident, a person was upset, and a lady was thrown out of the wagon in which she was; that this occurred at the same place; and that about the same time the plaintiff was injured, or within two or three months of that time, several accidents occurred of a similar kind, from the same cause, at the same place. I think that the evidence was not admissible. (1.) That other accidents of the same kind had occurred, previously, and that a person had been thrown out of a wagon, on a prior occasion, would not necessarily show the condition of the highway at the time when the plaintiff was injured. (2.) The admission of such testimony would necessarily involve an inquiry as to the circumstances under which the accidents alleged took place, and thus present new issues, and open a wide and extended field of investigation, which would scarcely be allowable in such a case. (3.) It would not be sufficient, I think, for the purpose of showing that the road was improperly constructed, or that the accident to the plaintiff was caused by defects in the construction of the road, existing at the time when it occurred. It subsequently appeared that the breaks in the road were made a day previous to the accident, and hence it could not be important what the condition of the road was a week or within two or three months previous. (4.) The proof offered did not prove, or in any way tend to show that the defendant had any knowledge of the dangerous character of the road, at the time when the plaintiff was injured.

II. It is said that the court erred in permitting the defendant to prove that he had no malice or ill will, or

intention to injure the plaintiff. The objection was made after the testimony had been given, and no motion was made to strike it out. It may be questionable whether it is available; and I have some doubt on that point. (*See Cheesebrough* v. *Taylor*, 12 *Abb.* 227.) But even if the objection had been made in due season, I think the evidence was entirely competent. The plaintiff alleged in one count of his complaint that the defendant was fully informed and knew of the danger of the embankments placed by him upon the highway, and that he *willfully* and *wrongfully* persisted in erecting and maintaining them across the highway, thus making an issue in the case as to the defendant's malice and intentions. It was proper, therefore, to show an absence of any wrong intention, or any malice or ill will towards the defendant. The evidence only bore upon the question of damages, and did not in any way tend to prejudice the plaintiff's right to recover any damages which might naturally and necessarily flow from the act of the defendant, if it was unlawful and unauthorized.

III. It is further urged that the court erred in permitting the defendant to prove, by one of the witnesses, that he and others who were consulted concurred with the defendant in approving of the way and manner in which the breaks were made. The objection to this evidence was not made until the testimony was given, and is liable to the same criticism as the other testimony to which objection was made, and the reasons in favor of its admissibility partake somewhat of the same character. It may also be remarked that the defendant, in doing the work upon the highway, was acting as a public officer, and claimed to have exercised his best judgment, in erecting the embankments. It was clearly proper to show that he had acted prudently and in good faith, in the discharge of his duty, and that he had consulted with others as to

the manner in which he should make the breaks, thus seeking all means of knowledge or information within his reach. Similar evidence was subsequently received without objection, and was clearly within the issue made and on trial.

As there was no error upon the trial, the judgment must be affirmed, with costs of the appeal.

[ALBANY GENERAL TERM, September 16, 1867. *Miller, Ingalls* and *Hogeboom,* Justices.]