CHRISTINA FILLO, Executrix, etc., Appellant, v. THOMAS J. JONES, Respondent.

EVIDENCE. OBJECTION TO EVIDENCE; GENERAL, WHEN SUFFICIENT.

In an action for damages from a fire alleged to have resulted from the spontaneous combustion of certain fire-works known as "signal lights," kept by the defendant on the premises, evidence was admitted, under objection by defendant, as to the circumstances attending two fires that occurred several years before, and the opinion of the witness was given, likewise under objection, that those fires were occasioned by the spontaneous combustion of fire-works. *Held*, that the evidence was improperly admitted, being altogether foreign to the issues in the present action, and no effort to connect the events by showing that the fire-works of the defendant were similar to those that occasioned those fires.

Evidence, that certain fire-works known as "signal lights," made by the same manufacturer two years before, were liable to spontaneous combustion, was likewise inadmissible, as not showing any similarity of construction or properties to those alleged to have caused the fire in question.

The statements of an anonymous writer, concerning the dangerous character of the commodities kept by defendant, made two or three months before the occurrence of the fire, were inadmissible, as evidence to establish the cause of the fire.

The only kinds of evidence competent upon the question in the case were, first, evidence of the composition and character of the particular article alleged to have ignited spontaneously in the store of the defendant; and, second, evidence of experts competent to speak generally of the composition and character of similar articles.

Where an objection to evidence is made in general terms, the grounds of which are perfectly obvious without statement, and are of such a character that no particularity of statement would serve to remove or obviate them, the objection in such form is sufficient.

THIS was an action by the widow and executrix of John Fillo, deceased, to recover damages sustained in the death of her husband, alleged to have been occasioned by the wrongful act, neglect and default of the defendant. The defendant was a dealer in guns, gunpowder and fire-works, at No. 16 John street, in the city of New York, and occupied the first floor of the building there situated. The deceased was a farrier, and occupied the third floor of the same building as his shop or manufactory. On the 25th of August, 1865, a fire broke out in the portion of the building occupied by the

defendant, which spread so rapidly among the combustible materials there stored, that the deceased was unable to escape, before being so severely burned and injured that he died a few days thereafter. It was alleged on the part of the plaintiff, that the defendant had in his store at the time a large quantity of gunpowder, fire-works, and particularly a quantity of works of brilliant colored fires, commonly called colored signal lights. That said fire-works, and particularly the said colored signal lights, were very dangerous, and liable to spontaneous combustion and explosion, and that such keeping and storage was very dangerous and a common nuisance, and was illegal and contrary to certain ordinances of the city government; that the fire in question was caused by the combustion and explosion of a part of said fire-works and signal lights, and that the death of the deceased was caused by and owing to the wrongful and unlawful act, neglect and default of the defendant in thus keeping and storing the same. Proof was made of an ordinance of the city government forbidding the storing of any kind of fire-works, except Chinese fire-crackers, within the fire limits of the city at any time, except from the 10th of June to the 10th of July, and of any "works of brilliant colored fires," at any time. It was proved, that the store of the defendant was within the fire limits of the city, and that, at the time of the fire, on the 25th day of August, he had stored therein a large quantity of fire-works other than Chinese fire-crackers, and among them a small quantity of "signal lights," which had been left on hand from a quantity brought from the manufacturer's a few days before to fill an order. It was from that, the fire was first discovered among some fire-works on the shelves; there was no proof that any fire was communicated to them from without, and an affidavit, in evidence, made by the defendant in his proofs of loss furnished the insurance company, stated, " that the fire originated from fire-works igniting of themselves." Much evidence was given tending to show that such was the fact, especially that the "colored signal lights" were very liable to spontaneous combustion and explosion; and most of the exceptions of the defendant apply to rulings of the court

in admitting this evidence. These and other exceptions to rulings upon evidence, are more particularly specified in the opinion. The defendant also excepted to the ruling of the court denying his motion for a nonsuit, at the close of the plaintiff's evidence. There was no exception to the charge of the court. The jury found a verdict in favor of the plaintiff for $5,000, upon which judgment was entered. On appeal to the General Term, this judgment was reversed and a new trial ordered, from which judgment of reversal the plaintiff appeals to this court, giving the usual stipulation for judgment absolute in case of affirmance.

H. G. Davis, for the appellant.

W. F. Allen, for the respondent.

DWIGHT, J. It is not claimed on the part of the plaintiff, that the keeping and storing of the fire-works in contravention of the city ordinance, was, for that reason alone, such an unlawful act as to bring the case within the statute authorizing a recovery, and upon the authority of *Brown* v. *The Buffalo & State Line R. R. Co.* (22 N. Y. 191), it seems that position would have been untenable. It became necessary, therefore, for the plaintiff to show, either that the defendant was guilty of negligence in the mode of keeping and storing, or handling those articles, or that such keeping and storing was of itself an unlawful act, at common law, because a common nuisance, dangerous to human life. There was no evidence tending to show the former state of facts. So far as appears, these fire-works were put up, kept and handled by the defendant, in the ordinary manner, and with proper care and precaution against accidents. The theory of the plaintiff's case is, that the defendant was guilty of a wrongful and unlawful act, or of default, in keeping them at all at the place where they were kept, because they were, in themselves, liable to spontaneous combustion and explosion, and thus endangered the lives of persons in their vicinity, and that the injury here complained of was occasioned by such spontaneous combustion or explosion of a portion of their

fire-works. I have no doubt that a cause of action might have been made out upon this theory, and that, upon the evidence admitted, it was partly a question for the jury whether it was not made out. The motion for a new trial was therefore properly denied. The question remaining is whether there was error in the admission of evidence tending to establish this cause of action, by reason of which the defendant was entitled to the judgment of reversal pronounced at the General Term. The dangerous character above described, was especially attributed to a particular kind of fire-works, known as " colored signal lights," of which there was evidence tending to show that the defendant had a small quantity in his store at the time of the fire. The evidence on the part of the plaintiff was, therefore, largely directed to demonstrate the components and character of this particular kind of fire-works, and to prove that the fire in question originated in a spontaneous combustion of those in the defendant's store. With this view, probably, John A. Parker, Jr., a witness for the plaintiff, was permitted, under the defendant's objection, to testify to the circumstances of two fires which took place in the store of one J. B. Purdy, a dealer in fire-works, at No. 34 Maiden Lane, New York, in the year 1853, the first of which was put out without difficulty, and the second of which resulted in the destruction of the store and a loss of life. This witness was also permitted, under like objection, to testify that, in his opinion, those fires were both caused by spontaneous combustion of fire-works. The objections to this testimony were general, not specifying particular grounds, but in my opinion, they were sufficient, and were improperly overruled. The evidence was clearly inadmissible, — not because the witness was not shown to be qualified to give an opinion as to the cause of those fires, but because the whole matter of the cause, the occurrence and the effect of those fires was wholly foreign to the issues in this action. The defendant was not called upon to try the question, what caused a fire in Maiden Lane twelve years before. It cannot be claimed that this evidence was admissible to show the character of the defendant's fire-works;

there was no attempt to show that the fire-works in Purdy's store were similar to those of the defendant, or that the conditions under which they were ignited were the same as those which attended the keeping of the defendant's goods at the time of the fire in question. The only kinds of evidence competent upon the question now under consideration, were, first, evidence of the composition and character of the particular article alleged to have ignited spontaneously in the store of the defendant, and, second, evidence of experts competent to speak generally of the composition and character of similar articles.

The objection to this evidence of the witness Parker, was therefore radical, and such as could not have been obviated had it been stated with ever so much particularity. Such being the case, I regard the objection as sufficient, and the ruling upon it as erroneous.

The same remarks apply to the ruling upon the defendant's objection to the evidence of the witness Patrick Holloway. That witness was allowed to testify to the occurrence and cause of a fire in the store of Duncan & Robbins, where he was employed as a porter, in 1855. In that case the defendant's objection was more specific. He objected "to all testimony as to other fires." The objection was overruled, and the defendant excepted. The witness then went on to state the circumstances of this fire, to give his opinion that it was occasioned by spontaneous combustion, and to testify that it was also accompanied by loss of life. The effect of the evidence of both of these witnesses upon the jury, cannot be doubted; aside from its bearings upon the question at issue, as to which it was incompetent, it was calculated to create a feeling of hostility to the business in which the defendant was engaged, and thus to work to his prejudice.

A witness, Henry Whitaker, Jr., testified that, in May, 1867, he purchased of Mr. Edge, pyrotechnist, of Jersey City, four colored signal lights, two red and two green, and the next day delivered them to Professor Doremus, a chemist of New York city. Thereupon Professor Doremus was called,

and was permitted, under the defendant's objection, to testify that he had analyzed the signal lights delivered to him by Mr. Whitaker, to state of what they were composed, and to testify and demonstrate by experiment, before the jury; that these compounds were liable, under certain circumstances, to spontaneous combustion. The defendant objected to this testimony unless it was shown that the signal lights analyzed were composed of the same materials as those alleged to have been in the store of the defendant, the only proof on that subject, then, being, that the latter were made by the same manufacturer, two years before. The objection was overruled, and the defendant excepted. This objection seems to me fatal to the trial. There was no proof that any of the signal lights purchased by the defendant from Mr. Edge, were either red or green, and the case fails entirely to show that they were in any respect similar, except in name, to those analyzed and experimented upon by Professor Doremus. In the absence of such proof, the evidence of such analysis and experiments was wholly irrelevant to the issue in this case. In this instance the objection was sufficiently explicit, and fully raised the question of the relevancy of the evidence. It should have been sustained.

There was another ruling upon an objection to evidence, which it seems to me impossible to sustain. Alfred E. Baker, fire marshal of the city of New York, was called as a witness for the plaintiff, and testified that two or three months previous to the fire, he received an anonymous letter from some person unknown, relating to the defendant's business, and having sworn to the loss of the document, he was asked to state its contents. The defendant's objection to such evidence was overruled, and the witness stated, in substance, the contents of the letter, viz., that it directed the attention of the fire marshal to the establishment of the defendant, as containing a large quantity of dangerous fire-works, subjecting the neighborhood to great peril in case of an explosion. The defendant's objection to this evidence, as in one or two former instances, was general. But I am of opinion that it was sufficient. The reason of the rule requiring the grounds

of an objection to be particularly stated, is that the party offering the evidence may be distinctly informed of the grounds in order that he may remove or obviate them. But in this instance, as in one formerly considered, the grounds of objection were so apparent, and it is so manifest that they could not have been removed or obviated, that I do not think that rule applies. This evidence could not have been made admissible by any means. It was hearsay; it related to a time prior to the occurrence of the fire; it only proved that in the opinion of some unknown and nameless person, the business of the defendant was dangerous to the public. In effect it was calculated to prejudice the defendant without adding any thing to the fact bearing upon the issues in the case. The objection to it should have been sustained.

For these errors in the ruling of the court, upon objection to evidence, I am clearly of opinion that the judgment at the Circuit was erroneous, and that the defendant was entitled to a new trial. The judgment of the General Term must therefore be affirmed, and, under the plaintiff's stipulation, judgment absolute must be awarded to the defendant.

Judgment affirmed.