## LEROY S. LEWIS *vs.* GEORGE I. SMITH.

In an action against a ferryman, on his contract for the transportation of animals which fell off the ferry boat and were drowned, through his alleged carelessness in not furnishing the boat with a barrier where they fell, evidence is inadmissible that just such a boat had been used to transport animals over the ferry daily for thirty years, and no accident had ever occurred before.

In an action of contract against a common carrier for a failure to perform his ordinary undertaking of transportation, the burden is on him to prove that he failed to perform it from a cause which relieved him from liability.

In an action against a ferryman, on his contract for the transportation of a team of mules which fell off the ferry boat and were drowned, through his alleged carelessness in not

furnishing the boat with a barrier where they fell, a refusal of a ruling that, if the loss was occasioned wholly by the fault of the mules, the defendant was not liable, affords him no ground of exception, if the only sense in which the ruling was applicable to the evidence was, that the defendant was not liable if the mules started back and forced themselves into the water without any known or apparent cause.

CONTRACT. The declaration alleged " that the defendant was the licensed proprietor, manager and conductor of a ferry boat, plying across the Connecticut River between the bank of said river in Northampton and the opposite bank in South Hadley, at a place commonly known as Smith's Ferry; that the defendant, as such proprietor, manager and conductor of said ferry boat, and as a common carrier of passengers and teams on said boat across said river, for a compensation agreed to be paid by the plaintiff to the defendant, undertook to carry safely and securely across said river the plaintiff's team, consisting of two mules, a wagon, and the harnesses by which the mules were attached thereto; but that the defendant neglected and refused to furnish a suitable and sufficient boat, and suitable and sufficient guards, chains and barriers on said boat, for the security of the plaintiff's team, composed as aforesaid, and by his unskilful management of said boat, and for want of proper guards, chains and barriers, the plaintiff's team was precipitated off said boat into said river, and said mules were drowned and said wagon and harnesses rendered valueless." The answer denied each and every allegation of the plaintiff, and alleged " that, if the plaintiff suffered any loss or damage, he suffered it from his own carelessness and fault, and not from any fault or negligence of the defendant." Trial and verdict for the plaintiff in the superior court, before *Lord*, J., who made the following report thereof:

" No question was made as to the facts that the defendant was a ferryman and received the mules on board his boat for transportation on July 5, 1870, and that they were drowned, having backed off the end of the boat into the river, while crossing. The mules were on the way from Hartford to Northampton, under care of the plaintiff's servants, who called for ferriage of themselves and team across the river. It was also agreed between the parties, that there was no chain across the end of the boat, nor other barrier; that no obstruction was put behind the wheels,

nor any other precaution taken to prevent the wheels from moving, either by chaining, blocking or otherwise ; and that the defendant had no one on board to assist him, and could not leave his position. The evidence as to the character of the mules was contradictory, the plaintiff claiming that they were gentle and docile ; the defendant, that they were ugly and unmanageable. There was contradictory evidence as to the condition of the servants having the mules in charge. The plaintiff claimed that they were sober and capable ; the defendant, that they were under the influence of liquor, and the driver especially not able to walk steadily, but that he fell or stumbled against the mules, causing them to start and back off the boat. The evidence was contradictory as to what took place when the mules came on board. The defendant claimed that he requested the plaintiff's servants to unharness them ; the plaintiff claimed that no such request was made.

" The defendant offered to prove that, for thirty years previously, such a boat as this had been in use at this ferry, transporting some twenty teams a day, and that no accident had ever before happened. I deemed this evidence immaterial, and so ruled.

" In charging the jury, I instructed them that in an action of contract against a common carrier of goods, for not delivering them according to his undertaking, it was enough in the first place for the plaintiff to show that his goods were received to be carried, and that they were not delivered according to the agreement ; that then it was incumbent upon the defendant to avoid his liability, and he could do so only by proving one of two things, either, first, that he was prevented from performing his undertaking by act of God, or second, by the public enemy ; that the liability of a common carrier of passengers was of the same nature, but the carrier could avoid his liability by showing other facts than those necessary to exonerate a carrier of goods, which it was not necessary to state ; that a ferryman was also a common carrier, but his liability might be avoided in manner different from either the simple carrier of goods or the carrier of passengers, but that his liability was of the same general nature, that is, that, if it be shown that he undertook to transport the mules across

the ferry and did not do it, but they were lost to the plaintiff while crossing, he must avoid his liability by showing that their loss was occasioned by some cause for which he was not responsible; that if he requested the plaintiff's servants to unharness the mules for their security, and they refused, he would not be liable; that if such servants were under the influence of liquor, and stumbled against the mules, and thus started them off, he would not be liable; but I charged that in all cases of common carriers (whether of goods or passengers) or ferrymen, in an action of assumpsit, where the plaintiff has proved the defendant's undertaking and his failure to perform, the burden is upon the defendant to show that his failure was for some cause which in law relieves him from liability. No objection was made to the part of the charge which stated the difference of liability in carriers (of goods or passengers) and ferrymen; but the defendant claimed that the burden of proof was upon the plaintiff to show that the loss was occasioned by some want of care on the part of the defendant.

"I was requested to rule that if the loss was occasioned wholly by the fault of the mules, the defendant was not liable. I declined to give this instruction, because I deemed it liable to misunderstanding, and because I did not deem it applicable to the facts proved, in every sense in which the words might be used. The only sense in which the instruction asked for was applicable to the facts was this: if the mules, without any known or apparent cause, of their own motion, started back and forced the carriage and themselves into the river, and were drowned, the defendant was not liable. As this was the only sense in which the language used could be applicable to the facts, and as in my opinion such a condition of facts would not exonerate the defendant from liability, I declined to give the instruction.

"Upon the three questions raised: first, whether my ruling was correct, that it was immaterial whether such a boat had run thirty years without accident; second, whether in an action of contract for not performing the undertaking of a common carrier the burden is upon the defendant to show that the non-performance was for a cause which relieved him from liability; and third,

whether I was bound to give the instruction as asked in relation to the loss happening by the sole fault of the mules; I report the case for the determination of the supreme judicial court."

*G M. Stearns*, for the defendant.

*C Delano & J. C. Hammond*, for the plaintiff.

CHAPMAN, C. J. This is an action for breach of a contract of the defendant, who was a licensed ferryman, to transport a pair of mules across the Connecticut River on his boat. The case is reported upon three questions that were raised at the trial.

1. The judge excluded evidence, offered by the defendant, that for thirty years previously to the accident in question such a boat as this had been in use at this ferry, transporting some twenty teams a day, and no accident had ever before happened; and it was excluded as immaterial. It is apparent that the question in issue in this case was whether the defendant had on this occasion performed his contract, it being admitted that he made it and received the mules on board for transportation. The evidence offered was plainly not pertinent to the issue, but related to collateral matters. *Collins* v. *Dorchester*, 6 Cush. 396. *Aldrich* v. *Pelham*, 1 Gray, 510. *Kidder* v. *Dunstable*, 11 Gray, 342.

2. The ruling that, in an action of contract for not performing the undertaking of a common carrier, the burden of proof is upon the defendant to show that the non-performance was for a cause which relieved him from liability, is sustained by the authorities. *Hastings* v. *Pepper*, 11 Pick. 41. *Ware* v. *Gay*, Ib. 106. 1 Greenl. Ev. § 222. Story on Bailments, § 529. Angell on Carriers, § 472, and cases cited.

3. The defendant requested the judge to instruct the jury that the defendant was not liable if the loss was occasioned wholly by the fault of the mules. This was refused, because the judge thought it liable to misunderstanding, and not applicable to the facts proved. The report tends to show that the view of the judge was correct, for it appeared that the mules were drowned by backing off the end of the boat, and there was no chain or other barrier across the end.          *Judgment on the verdict.*