## GILMER *vs.* THE CITY OF ATLANTA.

[Blandford, J., did not preside in this case, because of indisposition.]

1. Where suit was brought against a municipal corporation, for damages incurred by reason of certain roots of a tree having been negligently left projecting above a sidewalk, in which roots a foot of a pedestrian at night was caught, causing her to trip and fall, and injuring her, it was admissible to show by another person that he was tripped and thrown down some days previously by the same roots at the same place.

(*a.*) In cases of doubt as to the admissibility of evidence, the current of authority in this State is to admit it and leave its weight and effect to be determined by the jury.

2. There was no error in rejecting the opinion of a witness that a person could easily trip over the roots on the sidewalk on a very dark night.

October 12, 1886.

Municipal Corporations. Streets and Sidewalks. Evidence. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1886.

On March 11, 1884, Mrs. Gilmer brought suit against the city of Atlanta to recover damages for a personal injury caused by falling over certain roots which projected across the sidewalk on one of the streets, and which were alleged to have been negligently left there by the city.

On the trial, the jury found for the defendant. The plaintiff moved for a new trial, on the following among other grounds:

(1)–(2.) Because the verdict was contrary to law and evidence.

(3.) Because the court excluded evidence of a witness to the effect that he had fallen at night over the place at which the plaintiff fell prior to or about the same time.

(4.) Because the court excluded the evidence of another witness who, after stating the condition of the roots, added, " One could very easily trip on them on a very dark night."

(5.) Because the court erred in the manner of polling the jury.

The motion was overruled, and the plaintiff excepted.

Hoke & Burton Smith, for plaintiff in error.

J. B. Goodwin; J. T. Pendleton, for defendant.

Jackson, Chief Justice.

Mrs. Gilmer sued the city of Atlanta for damages incurred by reason of certain roots of a tree having been negligently left projecting above the sidewalk, in which, at night, her foot was caught and she was tripped up and fell, injuring herself badly thereby. The jury found against her, and on the denial of a new trial, she excepted, and brought her case here.

1. We think her entitled to a new trial on the ground that evidence by another person, that he was tripped up and thrown down some days before by the same roots at the same place, was rejected. There are two lines of decisions on the point, one that the evidence is admissible;

the other · that it is not. The current of opinion in this State by this court is, that what sheds light on the truth of the transaction should go to the jury; that the doors should be open rather than shut to testimony; and that, in doubtful cases, the doors should always open, letting the jury pass upon the effect and weight to be given to such evidence.

The fact that another fell from the same cause is certainly a circumstance that the sidewalk will occasion falls; and that it occurred within a few days of that of plaintiff, renders the circumstance stronger as bearing on the issue she makes and which is on trial. What weight the jury may give it, we do not know. Whatever it may be, our view of the law of our State entitles her to have it.

2. The opinion of the witness was properly rejected. It is for the jury to determine from facts the condition of the sidewalk; it is not the sort of issue on which opinion of witnesses can aid the jury in determining, and the court properly rejected it.

We forbear to pass upon the question which arose on the polling the jury. Having directed a new trial on another point, and that being a point not likely to arise again on the new hearing, it becomes unnecessary to decide it. Nor do we pass upon the merits of the case or indicate any judgment thereon, for the reason that the case is again to be tried, and it ought to be tried *de novo* on facts, free from any opinion of this court on these facts, which may be supplemented by and wear a different face from those that may be added.

For plaintiff in error: 2 Thompson on Negligence, 801; 32 Vermont, 591; 11 Hun. 217; 42 Ill. 169; 52 N. H. 401; 33 Conn. 57; 55 Me. 439; 27 Conn. 631.

For defendant: 2 Thompson on Neg. 801; 1 Greenleaf, §52; 1 Gray, 510; 6 Cush. 396; 39 Me. 506; 52 Barb. 267; 7 Am. & Eng. Cor. Cas. 103; 33 N. J. L. 260; 9 Allen, 181; 107 Mass. 334; 44 N. H. 419; 46 Vermont, 135.

Judgment reversed.