IDEAL LEATHER GOODS COMPANY *vs.* EASTERN STEAMSHIP
CORPORATION.

Suffolk. December 28, 1914. — January 9, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Carrier,* Of goods by water. *Contract,* Performance and breach. *Practice, Civil,*
Requests, rulings and instructions.

The obligation of a carrier by water to use reasonable promptness in transporting
goods delivered to it for that purpose and in notifying the consignee upon their
arrival at the port of destination is not affected by the fact that, when the con-
signor notified the consignee that he had shipped the goods, the consignee wrote
to the consignor that he would refuse to accept them; and the consignor is
under no duty to acquaint the carrier with such expressed intention of the
consignee.

Where a steamship company, which was a common carrier by water, received a case
of goods in Boston for shipment to New York, and failed to notify the consignee
of the arrival of the goods for a period of three or four months after their ship-
ment, the carrier may be found liable to the consignor either for a breach of the
contract of shipment or for a breach of its common law duty as a common carrier
of goods by water.

In determining whether a judge, by whom a case was heard without a jury, was
right in refusing to rule that "on all the evidence the plaintiff" was "not
entitled to recover, and judgment must be for the defendant," no question of
pleading is open.

PIERCE, J. This is an action of contract or tort, brought in the
Municipal Court of the City of Boston by the Ideal Leather Goods
Company, a Massachusetts corporation, against the Eastern
Steamship Corporation, a Maine corporation and a common
carrier by water.

The plaintiff's declaration consists of three counts. The first
count may be disregarded, as the trial judge ruled as a matter of
law that the evidence was insufficient to sustain it, and because
the plaintiff in its brief states that it was waived.

The second count alleges a contract under date of July 9, 1912,
to transport a case of frames to New York; that the defendant
through negligence "permitted and suffered said frames to become
lost in transit;" that it "failed to deliver them although demand
was made upon it to do so" on or about August 1, 1912; and that
it failed "to carry out or perform its part of said contract all to
the great damage of the plaintiff."

The third count alleges a contract and a breach of duty in that the defendant carrier was negligent and careless in the performance of its undertaking, to the plaintiff's damage.

The defendant's answer was a general denial.

The facts found, or described in the exhibits and depositions, so far as they are material to the issue, show that on July 9, 1912, the plaintiff delivered one case of frames to the defendant at Boston for transportation by water to New York; that a non-negotiable bill of lading was issued to the plaintiff wherein the firm of Meltzer and Karron of Brooklyn, New York, were named as consignees and the destination as Brooklyn, New York; that the goods arrived and were landed in New York, but on what day, other than that it was upon a day within three or four months after shipment, neither the report nor the testimony establishes; that the consignees received no notice from the defendant of the arrival of the goods until three or four months after their shipment; and that the notice received "was a post card mailed just prior to its receipt." Before the day of shipment the plaintiff had purchased of and received from the consignees the case of frames, but for various reasons which it is unnecessary to set out, desired to return the frames and divest itself of title.

With this end in view, the plaintiff, on July 18, 1912, wrote to the consignees that it had returned the then last shipment and enclosed a copy of the bill of lading. On July 21, 1912, the consignees replied to this letter and refused to receive the goods in these terms: "If goods come back it will not be accepted here and you will be responsible for it."

So far as appears the plaintiff and the defendant had no communication with each other regarding the goods between the day of shipment and the day of the sending of the post card notice to the consignees; nor was there any letter or other communication relating to the receipt or delivery of the goods between the plaintiff and the consignees. During the latter part of November, 1912, the plaintiff stated to the defendant that it had been informed by the consignees that they had not received the goods, and inquired why they had not been delivered; and thereafter, on two other occasions, made like inquiries, which were followed on March 18, 1913, by a demand in writing for the case of frames.

It thus appears that for a period of three or four months after the day of shipment the defendant did not give notice of the arrival of the goods either to the consignees or to the consignor; nor does it appear when the goods actually arrived, or that during that interval of time either the consignees or the consignor had knowledge of their arrival.

No facts are stated in the report, or in the exhibits or depositions, upon which it can be affirmed or inferred that the delay in transportation, if there was such delay, or in giving notice of arrival, was due to any act or omission of the consignor or consignees, or was excused by any fact or circumstance which is recognized at law as a defence. The consignor, notwithstanding the letter of the consignees refusing to receive the goods, had the right, as against the carrier at least, to assume that upon notification of their arrival the consignees might decide to accept them. It owed no duty to the carrier to acquaint it (the carrier) with the contents of the letter; nor, if it had done so, would the legal duty of the carrier have been changed. Moreover the burden of proof is upon the defendant to show that the non-performance of its undertaking was for a cause which relieved it from liability. *Lewis* v. *Smith,* 107 Mass. 334.

As the obligation of a carrier by water continues until the giving of notice of arrival to the consignee (*Hill Manuf. Co.* v. *Boston & Lowell Railroad,* 104 Mass. 122, 136), it is clear that the defendant might become liable to the consignees, or to the consignor if it remained the real owner (*Sanford* v. *Housatonic Railroad,* 11 Cush. 155), if such a lapse of time as here intervened between the shipment and the receipt at destination, or such an interval of time occurred between the arrival and the giving of notice of such arrival to the consignees should be found to constitute unreasonable delay in transportation, in notice of arrival, or in both. As the finding of the judge of the Municipal Court was "based on acts or omissions before notice to the consignee," what acts, if any, were committed thereafter are immaterial to the issue in this case.

At the close of the evidence the defendant requested the judge to rule that "on all the evidence the plaintiff is not entitled to recover, and judgment must be for the defendant." Upon such a request no regard is had for pleading, and it is clear that upon

the facts it could not have been given rightly. *Shannon* v. *Willard*, 201 Mass. 377.

The defendant further requested the judge to make the following rulings: "3. On all the evidence the plaintiff is not entitled to recover on the second count of the declaration, and judgment on the second count must be for the defendant;" and "3a. On all the evidence the plaintiff is not entitled to recover on the third count of the declaration, and judgment on the third count must be for the defendant." The remaining requests for rulings are expressly waived by the defendant in its supplementary brief, in these words: "Although we considered that the lower court was in error in its decision upon these various rulings, it seemed to us best not to press them upon the court at this time, but simply to rely upon the rulings requested to the effect that upon all the evidence the plaintiff could not recover." As to these counts, it is alleged in the second that the defendant "failed . . . to carry out or perform its part of said contract all to the great damage of the plaintiff;" and in the third count, that "the defendant was negligent and careless in performing" its duty.

It seems too clear for argument that unreasonable failure to deliver, or, in the case of carriage by water, unreasonable failure to notify the consignee of arrival, is a failure "to carry out or perform" the carrier's contract. *Norway Plains Co.* v. *Boston & Maine Railroad,* 1 Gray, 263. *Mansur* v. *New England Mutual Marine Ins. Co.* 12 Gray, 520, 526.

It also seems clear that such a failure is a breach of that duty which the law puts upon a carrier of goods by water irrespective of contract and which arises from the undertaking; and the pleader may so allege.

As to these counts, the judge could not have ruled rightly that there was no evidence to support them or that there must be a judgment for the defendant.

The question of the amount of damages is not presented. It is sufficient to say that the plaintiff was entitled to have damages, nominal or otherwise.

*Order dismissing report affirmed.*

The case was submitted on briefs.

*W. H. Coolidge, C. A. Hight & P. E. Coyle,* for the defendant.
*A. J. Berkwitz,* for the plaintiff.