## SIMMONS *vs.* THE STATE OF GEORGIA.

1. Where it appeared that the defendant killed the deceased with a pistol, firing three shots at him, but it did not appear which of the shots caused the death, there was no error in refusing to admit evidence that, subsequently to the firing of the first shot, a person who was present in company with the deceased at the time of the difficulty and during its progress struck the defendant with a stick, or that another person who was likewise so present fired a pistol at the defendant; this evidence being offered solely for the purpose of showing a conspiracy between the deceased and these persons to take the life of the defendant, or to commit a felony upon him, and no other evidence having previously been introduced to show the existence of such a conspiracy. These acts alone may have been lawful for the purpose of preventing a murder, and did not, of themselves, establish a conspiracy. Had an offer been made to prove these facts as part of the *res gestæ*, they would doubtless have been admitted.

2. Although there may have been bad feeling between the defendant and the deceased, and mutual threats may have been made by each against the other, yet where it appeared that, at the time of the killing, the deceased was standing on the opposite side of the room sixteen by eighteen feet in size, with twenty-five or thirty people therein, having his hands in his pockets, and with his gun sitting on the floor and leaning against his side; that he was making no movement, gesture or threats against the defendant; and that the latter, without any provocation at the time, deliberately drew his pistol and shot deceased, a verdict of guilty of murder was demanded by the evidence.

3. There was no error in refusing to charge that, "if the deceased and others conspired or had an understanding that a quarrel should be raised for the purpose of either killing or injuring the defendant, and they were on the eve of so doing, and the defendant had reasonable fears for so believing or fearing, he.had a right to kill the deceased." It is only where one manifestly intends or endeavors, by violence or surprise, to commit a felony on the person, property or habitation of another, that the latter will be justified in killing him in self-defence;'and this does not justify the killing of another by one who believes or has grounds to fear that he

will be injured, without regard to the extent of the injury. Nor was there any evidence of a conspiracy which would have authorized this charge.

4. Where the presiding judge, in his general charge, substantially gave a charge requested, the failure to give the request itself will not cause a new trial.

January 20, 1888.

Criminal Law. Murder. Evidence. Conspiracy. Verdict. Before Judge BOYNTON. Monroe Superior Court. August Term, 1886.

Reported in the decision.

T. B. CABINISS, by HARRISON & PEEPLES, for plaintiff in error.

CLIFFORD ANDERSON, attorney-general, by brief; EMMETT WOMACK, solicitor-general, for the State.

SIMMONS, Justice.

Simmons was indicted for the crime of murder in Monroe superior court, and on the trial the jury found him guilty with a recommendation to imprisonment for life. He made a motion for a new trial upon the several grounds contained therein, which was overruled by the court and he excepted. The first and second grounds are the usual ones, that the verdict was contrary to the evidence and without evidence to support it. The third and fourth grounds are the main ones relied upon here for a reversal of the judgment of the court below, and are as follows :

" 3d. Because the court erred in refusing to allow defendant's counsel to prove that, subsequent to the first fire of the pistol by the defendant, he was struck with a stick in the hands of Simon Franklin, who was present in company with deceased at time of difficulty and during the progress of the same ; and that said blow was struck before the killing of the deceased occurred and before the end of the difficulty.

" 4th. Because the court erred in refusing to allow defendant's counsel to prove that, after the firing of the pistol at deceased, one Reynolds, who was in company with deceased at the commencement of and during the progress of the difficulty, fired a pistol at defendant, the object of said testimony in this and the foregoing being to show that there was conspiracy between the deceased, said Simon Franklin, Reynolds, and others, at that time to take the life of or to commit a felony upon the person of said defendant."

1. Counsel for the plaintiff in error insist that the court erred in refusing to allow the defendant to prove that, subsequent to the first firing of the pistol by the defendant, he was struck with a stick by Franklin; and in refusing to allow the defendant to prove that after the firing of the pistol by the defendant at the deceased, Reynolds, who was in company with the deceased at the commencement and during the progress of the difficulty, fired a pistol at the defendant; the object of the testimony being to show that there was a conspiracy between the deceased and these persons to take the life of the defendant, or to commit a felony upon him.

If that was the object of the testimony, we think the court did right in rejecting it. Up to that point in the trial, there was no evidence nor even a hint of evidence that there was a conspiracy between the deceased and these persons. The acts sought to be proved by themselves could not establish a conspiracy. Franklin had a right, under the law, to knock Simmons down in order to prevent him from killing Matthews. If he knocked him down to prevent a murder, it was a legal act. For the same reason, Reynolds had a right to shoot at Simmons. These acts, therefore, by themselves would not have established or tended to establish a conspiracy between the deceased and Franklin and Reynolds. As far as appears from the facts recited in these grounds of the motion, they were legal acts. Simmons, it will be seen, had already fired

upon the deceased. Whether his first shot caused the mortal wound, or whether it was caused by the second or third, the evidence does not disclose. And, as said before, the striking of Simmons by Franklin and the shooting at him by Reynolds after he had fired the first shot, would not establish a conspiracy without more, and would not tend to illustrate the guilt or innocence of Simmons. If the court had been asked to admit the proof of these two acts as part of the *res gestæ*, doubtless he would have done so; but it will be observed that the complaint in the motion for a new trial does not put it upon that ground, but upon the ground of a conspiracy; and for that purpose, as we have said before, we do not think it was admissible testimony.

2. The evidence, as disclosed in the record, in our opinion, demanded this verdict from the jury. It shows that, while there was bad feeling between this defendant and the deceased, and while mutual threats had been made by each against the other, the deceased, at the time of the killing, was standing on the opposite side of the room—a room sixteen by eighteen feet in size with twenty-five or thirty people therein,—with his hands in his pockets and his gun sitting upon the floor and leaning against his side, making no movement, gesture or threat, and that this defendant, without any provocation at the time, deliberately drew his pistol and shot and killed him. The evidence does not disclose a single fact occurring at that time to justify or even to mitigate the offence, but on the other hand shows a wilful and premeditated intention to take the life of Matthews. There was nothing occurring at the time to excite the fears even of a coward, much less the fears of a man of reasonable courage.

3. There was no error in the refusal of the court to give in charge the request set out in the 5th ground, viz. that " if the deceased and others conspired or had an understanding that a quarrel should be raised for the purpose of either killing or injuring the defendant, and they were

on the eve of so doing, and the defendant had reasonable fears for so believing or fearing, he had a right to kill the deceased." . . . . It will be observed that this request asserts the right of the defendant to kill another if he believed or had reasonable fears that others had conspired, or had an understanding that a quarrel should be raised, for the purpose of either killing or injuring him. The code, in defining the act of self-defence, does not justify the killing of another by one who believes or has grounds to fear that he will be injured; certainly no one will contend that it is justifiable to take life to prevent a small injury, an assault and battery, or something of that sort; but the only justification upon the ground of self-defence laid down by our code is, where one " manifestly intends or indeavors, by violence or surprise, to commit a felony on person, property or habitation." For this reason, and for the additional reason that there was no evidence of a conspiracy, or an understanding that a quarrel should be raised for the purpose of either killing or injuring the defendant, to authorize the charge requested, the court did not err in refusing to give it.

4. As to the complaint set out in the 6th ground, the judge appends his charge on the subject of reasonable fears to this ground of the motion, and we think that the request was in substance given, as certified by the judge.

Judgment affirmed.