### Eldridge v. The State.

*Atkinson, J.*—The evidence in this case, though entirely circumstantial, was sufficient to warrant the conviction; and the verdict of guilty having been approved by the trial judge, this court will not overrule his refusal to grant a new trial.

*Judgment affirmed.*

*Simmons, C. J.*, dissenting.—A conviction should not be sustained where it is manifest that the verdict was predicated merely on suspicion and against the positive evidence of a legally credible unimpeached witness.

May 13, 1895.

Accusation of adultery. Before Judge Proffitt. City court of Elbert county. March term, 1895.

Rachel Eldridge, a married woman, was convicted of adultery committed with Anderson Starke, a married man. She moved for a new trial on the grounds that the verdict was contrary to law and evidence; and the motion was overruled. The testimony for the State was, that defendant and Starke were both employed on the place of Wilhite; that there was but one cabin on the place for them to stay in, which was given to defendant to live in, but Starke lived in there with her, there being nowhere else on the place for him to stay; that his duties called him to be on the place; that the house was only one room, twelve feet square, and contained but one bed; and that he had frequently gone into the house at night and come out in the morning. Starke testified that he frequently occupied the room with defendant, but never had sexual intercourse with her. There was nowhere else on Wilhite's place for him to stay, and his duties required his presence there. His wife lived three miles away, and he could not go there at night and be back next morning in time for his work. Defendant slept in her bed in the room, and he slept on a pallet on the other side of the room.

Defendant stated that she never had sexual intercourse with Starke, and was not guilty.

*W. D. Tutt*, for plaintiff in error. *H. J. Brewer*, solicitor, by *Harrison & Peeples*, contra.