## JOHNSON *v.* THE STATE.

The circumstantial evidence having been sufficient to justify the judgment of conviction, and the trial judge, after a re-examination of the evidence, having declined to grant the motion for a new trial, this court will not control his discretion.

Submitted January 21,—Decided February 12, 1904.

Accusation of adultery and fornication. Before Judge Covington. City court of Moultrie. December 15, 1904.

*J. A. Wilkes*, for plaintiff in error.
*T. W. Mattox*, solicitor, contra.

COBB, J. The accused was convicted of the offense of adultery and fornication. His motion for a new trial is based upon the

ground that the verdict was contrary to law and the evidence; the special assignment under this general complaint being that while the evidence may have justified a finding that the accused and the woman were living in a state of adultery and fornication, it did not show that any specific carnal act had been committed between them.    A witness for the State testified that the accused was married and the woman was unmarried; that on three different occasions within the year in which the accusation was brought the witness went to the house where the accused was living, knocked at the door, when the accused came to the door in his night clothes, opened it, and went back to bed; that the woman was in bed with the accused, both being covered up; that the last time when this occurred was early in the morning; that there was only one bed in the room; that no carnal act was committed in the presence of the witness.    The witness admitted that he was at enmity with the accused and was anxious for him to be convicted.

Notwithstanding this admission, the credibility of this witness's testimony was for the trial judge, who presided without a jury. Specific acts of sexual intercouse may be proved by circumstantial evidence.    If direct evidence were required, it would be almost impossible to make out the offense.    All that the law requires is that the evidence be such as to justify the inference, beyond a reasonable doubt, that the carnal act has been committed.    If the testimony above abstracted was true, it came within this rule and authorized the judgment of conviction.    See State v. Austin (N. C.), 13 S. E. 219; State v. Ean (Iowa), 58 N. W. 898; Com. v. Mosier (Penn.), 19 Atl. 943 (4); Com. v. Clifford (Mass.), 13 N. E. 345 (1); Blackman v. State, 36 Ala. 295.    The facts above set forth are stronger than those in Eldridge v. State, 97 Ga. 192, and Starke v. State, Id. 193, in which cases a majority of the court upheld the conviction.    The circumstances proved in Weaver v. State, 74 Ga. 376, and in Weems v. State, 84 Ga. 461, and especially in the former, did not afford such strong evidence of guilt as those in the present case.    In both of those cases the conviction was set aside.    In Lawson v. State, 116 Ga. 571, it was held that under an accusation charging the offense of living in a state of adultery, mere proof of a single act of adultery would not be sufficient to convict.    Counsel for the plaintiff in error in

the present case draws from this decision the conclusion that, under an accusation for the specific act, proof of living together in a state of unlawful sexual intercourse would be insufficient. This reasoning is not sound. The greater includes the less, but the less does not include the greater. It is also argued that the testimony for the accused was sufficient to rebut the presumption of guilt arising from the evidence for the State. A physican testified that the accused was and had been for some time afflicted with tertiary syphilis, and that sexual intercourse by a man afflicted as the accused was would be very painful. He testified, however, that he would not say a man in this condition was unable to have sexual intercourse. The judge who tried this case without a jury was of opinion that the case was made out by the evidence for the State, and that the evidence for the accused was not sufficient to overcome the presumption arising therefrom. All these were questions for his determination; and if he made an error in reaching this conclusion, he had an opportunity to correct it when the motion for a new trial was heard. Having, upon a re-examination of the evidence, approved the judgment of conviction, we can not say that he has abused his discretion.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*