## 9394. BELL v. THE STATE.

The evidence was sufficient to authorize the verdict against the plaintiff in error, who, with another, was found guilty under an indictment charging them with violation of the provisions of the prohibition law as to possession of liquors.

DECIDED MARCH 6, 1918.

Indictment for misdemeanor; from Clarke superior court— Judge Cobb. November 14, 1917.

*Austin Bell, Thomas & Thomas,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.

BLOODWORTH, J. The motion for a new trial contains only the general grounds. The following is the opinion of Judge Cobb, who presided at the trial, as contained in the record and as delivered and ordered filed in connection with his order overruling the motion for new trial: "These defendants [Andrew Bell and Moses Shaw] were indicted for having the possession of liquor in violation of the law, were tried jointly, and each was convicted, and Andrew Bell's motion for new trial is now for decision. In passing upon the motion for new trial, that view of the evidence which is most unfavorable to the accused must be taken, for every presumption and every inference is in favor of a verdict. The evidence demanded a verdict of guilty in the case of Moses Shaw, for under his statement he was in possession of liquor, even though according to his version it was only for the purpose of taking a drink. The evidence against Andrew Bell is circumstantial. The jury had the right to disregard entirely the statements of the accused, and, having returned a verdict of guilty, it is to be assumed that they did disregard it. Even if the statement of one accused is evidence for his codefendant jointly tried with him, the jury has a right to disregard the statement in all of its bearings. With the statements eliminated, the question is whether the evidence of the State is sufficient to authorize a verdict of guilty as to Andrew Bell. In my opinion it is sufficient to establish his guilt as prin-

cipal in the second degree;.and, as in misdemeanors all are principals, the verdict is 'sufficiently supported.' Under this view of the case I feel constrained to overrule the motion for new trial. An order to that effect will be entered upon the original motion." We agree with the learned judge in his reasoning, and also that "the verdict is sufficiently supported."

In connection with the above, attention is called to the decision in the case of *Robison* v. *State*, 114 *Ga.* 445 (40 S. E. 253), the second headnote of which is as follows: "On the trial of one of two persons jointly indicted, the declarations of the other that he alone committed the offense with which they are charged, are not admissible in evidence in favor of the accused on trial." See also the opinion in that case (p. 447) and cases there cited on this point.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*