33726.   WELDON *v.* THE STATE.

DECIDED SEPTEMBER 21, 1951.

*Herbert Johnson, Henry M. Hatcher Jr., R. R. Rhudy,* for plaintiff in error.

*Roy Leathers, Solicitor-General, Clarence Peeler Jr.,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ▌ In the first ground of the amended motion for a new trial error is assigned on the testimony of the police officer that the defendant emerged from the house with his hands in the air, and, as he got close enough to the witness, attempted to seize his shotgun, which evidence was ojected to on the ground that it referred to another crime not incorporated within the indictment. Evidence of the commission of a crime other than the one charged is generally not admissible. *Cawthon* v. *State,* 119 *Ga.* 395 (2)

(46 S. E. 897). However, such evidence may be admissible as bearing upon the questions of motive or intent, or when it forms part of the res gestae, or is evidence of guilty knowledge, or tends to show other attempts by the accused to commit the same crime upon the victim of which he stands charged. See *Fowler* v. *State,* 189 *Ga.* 733 (8 S. E. 2d, 77); *Robinson* v. *State,* 62 *Ga. App.* 355 (7 S. E. 2d, 758). As stated in *Floyd* v. *State,* 143 *Ga.* 286 (2) (84 S. E. 971): "Acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae", and where, as here, the defendant came out of the house, testimony that almost immediately thereafter he attempted to seize the officer's gun would have a direct bearing, as being part of the res gestae and tending to refuse the self-defense theory of the defendant. This ground is without merit.

■ The second and third grounds of the amended motion for a new trial contend that the court erred in allowing over objection evidence elicited from the defendant's brother on cross examination as to previous convictions for drunkenness and statements the defendant had made to him concerning a fracas in which he had received a knife wound. The witness was called by the defendant for the purpose of proving that the defendant had suffered a skull fracture, as a result of which whisky affected him more than an average normal person, and that he never got into trouble except when he had been drinking. In answer to a question by defendant's counsel he testified, "James has never been in any trouble like this before that I know of." The questions on cross-examination were directed to an incident of which the witness had knowledge where the defendant had been cut in a street brawl, and to previous arrests for drunkenness. Code § 38-1705 provides as follows: "The right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him." Control of the cross-examination is largely within the discretion of the trial court. *McNabb* v. *State,* 70 *Ga. App.* 798 (29 S. E. 2d, 643). This discretion will not be controlled unless abused. *Sweat* v. *State,* 63 *Ga. App.* 299, 301 (11 S. E. 2d, 40). Where the purpose is to impeach the witness, great latitude in cross-examination may be allowed. *Thompson* v. *State,* 181 *Ga.* 620 (183 S. E. 566). Where a witness testifies as to the defendant's character, he may be cross-examined as

to specific acts for the purpose of testing his knowledge.  *Mimbs* v. *State*, 189 *Ga.* 189, 192 (5 S. E. 2d, 770).  The cross-examination of the witness properly tested his knowledge of the facts testified to by him and further attempted to impeach the witness by showing that he did have knowledge of a previous knife fight between the defendant and another man.  It was admissible for these purposes.  The second and third grounds of the amended motion are without merit.

■  Special grounds 4 and 5 contend that the court erred in charging the jury in effect that if the defendant believed he was shooting in self-defense "it must appear that the circumstances were sufficient to excite the fear of a reasonable man and that the party shooting really acted from those fears", it being contended that this deprived the defendant of the defense of mistake, and that the court should have charged that the circumstances as they appeared to the defendant must have been sufficient to excite the fears of a reasonable man, and of the defense that it appeared to him that he was acting in self defense, although he might not have been in reality so doing. Grounds 6 and 7 complain of failure to give certain requests in charge setting out this theory, the request in ground 6 being as follows:  "I charge you further that if you find that the defendant honestly believed at the time of the shooting that he was in danger of serious bodily harm and that the measures he used were reasonably necessary to prevent that harm, the defendant would be guilty of no crime at all."  The basic contention is that one is entitled to the defense of self-defense if he was acting from any fears he might have had and believed himself justified at the time, whereas the court charged that such fears must be those which a reasonable man would entertain under like circumstances.

Code § 26-1012 provides as follows:  "A bare fear of any of those offenses, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing.  It must appear that the circumstances were sufficient to excite the fears of a reasonable man, and that the party killing really acted under the influence of those fears, and not in a spirit of revenge."  In *Malone* v. *State*, 77 *Ga.* 767 (6), at page 772, it was held that it was not error to refuse a request to

charge that the defendant might lawfully have used the knife "if at the time, he believed it necessary to use said knife to protect his person", since such a charge would leave it to the jury to determine only whether the defendant believed that such a state of facts existed, without determining whether such a belief was justified "in the way of reason and sense." The defendant in his drunken state might have honestly believed the unknown persons were threatening his life and thus acted under an honest mistake of fact, but unless the jury could find that his fears were those which a reasonable man under like circumstances might be subject to they would not be authorized to acquit. See *Palmour* v. *State*, 116 *Ga.* 269 (42 S. E. 512); *Turner* v. *State*, 190 *Ga.* 316 (2) (9 S. E. 2d, 270); *Graham* v. *State*, 143 *Ga.* 440 (4) (85 S. E. 328); *Marcus* v. *State*, 149 *Ga.* 209 (2) (99 S. E. 614); *Mitchell* v. *State*, 71 *Ga.* 128 (7); *Battle* v. *State*, 103 *Ga.* 53 (3) (29 S. E. 491). The charge as given by the trial court on this subject was sufficiently full and without error.

■ The general grounds are not insisted upon in the brief of counsel for the plaintiff in error and are treated as having been abandoned.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P.J. and Gardner, J., concur.*