### 42647. TOWNSEND v. THE STATE.

PANNELL, Judge. In the present case, a male defendant was charged with using obscene, vulgar, and profane language to a female over a telephone, and was convicted. His appeal is based upon the general grounds only. Upon the trial, the evidence disclosed that on Saturday night and continuing into Sunday morning, a male, in a singsong voice, used the alleged language over the telephone to the female involved. Later, during Sunday morning, a device was placed upon the telephone line of the female which would prevent it from being disconnected from the line of any caller until the call could be traced. Thereafter, about midnight Sunday, the female

received another call from the same party, during which time substantially the same language was used by the caller to the female and shortly thereafter this fact was reported to the police and the telephone company, and the call was traced to a telephone in the home of the defendant's mother, where the defendant was living, and, after obtaining a search warrant, in the early morning hours the police went to the home and the defendant opened the door and when asked if he had been using the telephone made no reply. The defendant was the only male in said home at that time and the telephone line in said home was still connected with the telephone line of the female. The evidence further disclosed that the defendant was the only male living in the home and the only male who had lived in the home for several days past. There was no direct evidence that the defendant was in the home at the time of the two conversations, and the female, although she knew the defendant, was not familiar with his voice and was unable to identify him by voice as the person who did the calling. *Held:*

"It is of course true that the burden was upon the State to prove the corpus delicti, and to show also that the defendant was the perpetrator of the alleged offense. Both of these elements, however, could be shown by circumstantial as well as direct evidence. *Buckhanon v. State,* 151 Ga. 827 (8) (108 SE 209); *Brown v. State,* 10 Ga. App. 216 (2) (73 SE 33)." *Jester v. State,* 193 Ga. 202, 208 (1) (17 SE2d 736).

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." *Code* § 38-109. See also *Code* § 38-110. "In *White v. State,* 18 Ga. App. 214 (89 SE 175), it was stated that the term 'hypothesis,' as used in the section of the Code relating to circumstantial evidence (§ 38-109), referred to 'such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life.' This statement was approved in *Wrisper v. State,* 193 Ga. 157, 164 (17 SE2d 714)." *Kalb v. State,* 195 Ga. 544, 549 (1) (25 SE2d 24). "It is not necessary, however, in order to sustain a verdict of conviction, that the evidence exclude every possibility or every inference that may be drawn from the proved facts, but only necessary to exclude reasonable inferences and reasonable hypotheses.

*Wrisper v. State* [supra] and cases there cited." *Dunson v. State,* 202 Ga. 515, 521 (43 SE2d 504).

"It was not necessary to show that it was impossible for the offense to have been committed by anybody else, or that it might not, by bare possibility, have been done by another. It is sufficient to show to a moral certainty that it was the prisoner. 57 Ga. 102; 58 Id., 79; 6 Id., 285; 17 Id., 130; Code, § 3749." *Johnson v. State,* 73 Ga. 107.

"Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors." *Smith v. State,* 56 Ga. App. 384, 387 (192 SE 647).

In our opinion, the evidence did more than point to the guilt of the accused and the jury was authorized to convict under the evidence adduced.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

SUBMITTED MARCH 7, 1967—DECIDED APRIL 4, 1967.

*Rowland & Rowland, Emory F. Rowland,* for appellant.