## 42727. ATLANTIC COAST LINE RAILROAD COMPANY v. BLOUNT.

PER CURIAM. This is an action under the Federal Employers' Liability Act. The employee, while standing at the floor level on the framework of a caboose under construction and attempting to straighten a bent rivet above the level of his head, slipped and fell through the framework, injuring his back. The employer appeals from an adverse verdict and judgment, the trial court having overruled its motion for new trial. *Held:*

1. The first four enumerated errors are directed to the remarks of counsel for the employee in his opening statement and argument to the jury that assumption of risk was no defense to the action, instructions of the court to the jury to the same effect, and the failure of the trial judge to give requested instructions concerning assumption of risk. The instructions as given by the court are identical with the instructions previously approved by this court as permissible cautionary instructions, and to this extent the ruling in *Atlantic C. L. R. Co. v. Smith,* 107 Ga. App. 384 (2) (130 SE2d 355) is controlling in the present case. In addition to the cases there cited, see Koshorek v. Pennsylvania R. Co., 318 F2d 364, 367 (3d Cir.); Atlantic C. L. R. Co. v. Burkett, 192 F2d 941, 943 (5th Cir.). The remarks of counsel concerning assumption of risk were not incorrect or misleading, and counsel and the court made it clear that the jury was bound by the instructions of the court as to the law. These instructions appear

to be complete as to negligence and proximate cause, and except with respect to assumption of risk there is no contention of any error in the instructions as given. As counsel are entitled to a wide latitude in discussing the evidence of a case and wherein the law applies, and as cautionary instructions by the court on assumption of risk are permissible, the requested instructions were erroneous to the extent of requiring the court to inform the jury that assumption of risk "has no part in the argument of counsel, or in the instructions of the court, or in your deliberations," and the court properly refused to give the requested instructions. See De Pascale v. Pennsylvania R. Co., 180 F2d 825 (3d Cir.). These enumerated errors are without merit.

2. Eight of the remaining enumerated errors relate to opinions of the plaintiff and other employees concerning the need for a temporary floor covering for the caboose as a platform as a safety measure for employees such as the plaintiff, adverse comment on a portion of the defendant's answer to the effect that the plaintiff was not an employee required to work inside the caboose and that "it was perfectly safe for those whose duties required them to be inside of the caboose," and comment that it was unsafe to drive rivets where the employee was injured. The plaintiff and the other witnesses were not safety experts, but they displayed in varying degrees a vast knowledge of the working conditions and measures used to prevent injuries, based on observation and experience as railroad employees, and the situation under which the injury occurred was such that testimony and pictures of the scene may have been inadequate to convey sufficient information for an intelligent determination by the jury as to safety requirements. Under such circumstances it was appropriate for the trial judge to allow the witnesses to state their conclusions as an aid to the jury in determining whether the employer was negligent in failing to provide the employee a reasonably safe place to work or a safe, sufficient, and proper platform, as alleged in the petition. The testimony in this case falls squarely within the rule in *Atlantic C. L. R. Co. v. Smith,* 107 Ga. App. 384 (5), supra. In addition to the authority therein cited, see *Code* § 38-1708; *Cupp v. State,* 111 Ga. App. 722 (2b) (143 SE2d 197); Ellerbee v. Atlantic C. L. R. Co., 258 Ala. 76 (61 S2d 89); 20 AmJur 690, Evidence, § 820. Even though the opinions as stated by the witnesses may have

reached the ultimate fact which the jury was required to decide, the Supreme Court has expressed the realistic view that "The current of opinion in this State by this court is, that what sheds light on the truth of the transaction should go to the jury; that the doors should be open rather than shut to testimony; and that, in doubtful cases, the doors should always open, letting the jury pass upon the effect and weight to be given to such evidence." *Gilmer v. City of Atlanta,* 77 Ga. 688, 690. The trial judge did not err in admitting the conclusions of these witnesses under the circumstances shown by the record.

3. The only other enumerated error concerns the testimony of a witness who saw another man fall, the objection being that it was a different occasion and under different circumstances. The witness testified that before a plywood floor was used on the assembly line at the station following the station where the plaintiff was injured he saw a man fall through a caboose that had no floor in it, and that the man was not injured. Assuming that this evidence was inadmissible as unrelated to the occurrence involved in the present litigation, (see *Hathcox v. Atlanta Coca-Cola Bottling Co.,* 50 Ga. App. 410 (1) (178 SE 404)), it is merely cumulative in relation to testimony of other falls, admitted without objection, and it serves only to illustrate the fact as repeatedly shown in the record that without a floor covering on the steel framework of a caboose it is possible for a workman to fall through the framework. As we are of the opinion that the testimony under these circumstances could not have affected the outcome of the trial the error, if any, in admitting it was harmless.

*Judgment affirmed. Jordan, P. J., Deen and Quillian, JJ., concur.*

ARGUED APRIL 5, 1967—DECIDED JUNE 7, 1967—
REHEARING DENIED JUNE 28, 1967—

*Bennett, Pedrick & Bennett, Larry E. Pedrick, Wilson G. Pedrick,* for appellant.

*Benjamin Smith, Jr., Leon A. Wilson, II,* for appellee.