### 45430.   BUSBEE v. BATTLE et al.

DEEN, Judge. Busbee, the plaintiff, was a member of an expense-sharing carpool and was going to work in an automobile owned and operated by Mrs. Jones, who was driving in the early morning twilight on an unpaved road when she saw an automobile driven by the defendant Battle apparently emerging from a private driveway to her right and immediately in front of her. She applied her brakes and cut the wheels of the automobile, which went into a ditch on the left side of the road. The cars did not come in physical contact. Plaintiff sued both drivers, and appeals from a verdict in favor of the defendants.

2. The evidence is in conflict as to whether Battle's automobile did or did not enter the road as plaintiff was passing. Battle testified that he stopped the car at the driveway entrance and waited for the car to pass, and that he did not enter until it had gone by, while other testimony placed the automobile either about 4 feet within the roadway or at a point almost midway of the road when Mrs. Jones passed him. Under the evidence the jury was authorized to find this defendant guilty of no negligence.

3. The codefendant's testimony is substantially to the effect that the Battle automobile did enter the narrow gravel road immediately in front of her and that to avoid a collision she immediately put on the brakes and turned the wheel to the left, that the wheels then hit some soft dirt which caused her to lose control of the vehicle and it went into the ditch. Under this evidence the jury might have found that this defendant was guilty of no negligence.

4. The appellant contends, however, that under no theory of the evidence could he have been injured except due to the negligence of Battle, Mrs. Jones, or both concurrently, and this is the basis of the appeal since the jury must base both decisions either on the theory that Battle entered the main road or that he did not. Are there any options except lack of ordinary care on the part of one or the other of the defendants? "A jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and re-

ject another part thereof, it being their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration." *Sappington v. Bell,* 115 Ga. 856 (42 SE 233); *Lawhon v. Henshaw,* 63 Ga. App. 683 (11 SE2d 846). The jury, "if there is an evidentiary basis to support its conclusion, is free to discard or disbelieve whatever facts are inconsistent with its conclusion." *Atlantic C. L. R. Co. v. Hall,* 114 Ga. App. 538, 540 (151 SE2d 914). It might have believed that Battle, as he said, stopped prior to entering the road, but that Mrs. Jones, in the excitement of suddenly seeing him approaching it, overreacted and that the wheel of the car was turned by soft dirt at the side of the road. "In determining the question of fact whether the conduct of a person acting in exciting circumstances is negligent, the standard to be applied is what a reasonably prudent person in the same circumstances would have done." *Lanier v. Krzywicki,* 118 Ga. App. 54, 55 (162 SE2d 839). It is undisputed that Mrs. Jones'· action was based on her belief, mistaken or otherwise, that she was about to collide with the Battle vehicle. Whether or not her action under these circumstances was negligent, and, if so, whether it was ordinary negligence which would render her liable, or slight negligence, which would not, remains an inference of fact to be made by the jury and not by this court. The plaintiff's own testimony was that it was an emergency situation, that he "agreed with what she done" and that he thought what she did was the "best course under the circumstances."

It was not error to overrule the motion for new trial on the general grounds only.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

ARGUED JULY 9, 1970—DECIDED SEPTEMBER 15, 1970.

*John E. James,* for appellant.

*Harris, Russell & Watkins, Joseph H. Chambless, Jones, Cork, Miller & Benton, H. Jerome Strickland, Tom K. Smith,* for appellees.