26215.   SENTELL v. THE STATE.

SUBMITTED DECEMBER 15, 1970—DECIDED JANUARY 7, 1971.

154

*Cook & Palmour, A. Cecil Palmour, Barnes & Little,* for appellant.

*Robert B. Adams, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.

FELTON, Justice. Since the evidence shows that the defendant did not commit the act itself, in order for him to be convicted the evidence must connect him with the crime upon the theory of conspiracy, which is "a corrupt agreement between two or more persons to do an unlawful act." *Fincher v. State,* 211 Ga. 89 (4) (84 SE2d 76); *Park v. State,* 224 Ga. 467, 473 (162 SE2d 359).

Proof of conspiracy is required for the admission of the testimony of Stansell as to the declarations, regarding directions to the decedent's home, allegedly made to him by the defendant's wife, who was the one who committed the act itself. *Code* § 38-306. The conspiracy itself must be proved by evidence aliunde such declarations and the declarations are not admissible unless the conspiracy is prima facie shown by such aliunde evidence. *McCluskey v. State,* 212 Ga. 396, 398 (93 SE2d 341) and cit.

The existence of a conspiracy may be shown by either direct or circumstantial evidence. *Chappell v. State,* 209 Ga. 701, 702 (75 SE2d 417). The State relied entirely upon circumstantial evidence. The evidence in this case does not measure up to the rule laid down in *Code* § 38-109, which provides that "to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, *but shall exclude every other reasonable hypothesis save that of the guilt of the accused."* (Emphasis supplied.)

In determining whether any other reasonable hypothesis exists, the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted. *Redwine v. State,* 207 Ga. 318, 324 (61 SE2d 481). The defendant's statement, that they were on their way to Dalton to shop, is consistent with the evidence that the shooting occurred on the Dalton highway. Although the defendant made no mention or

explanation of the fact that they had turned around at the store and headed in the direction of the decedent's home, this did not necessarily show, either by itself or in conjunction with the other evidence as to his subsequent behavior, that he was party to a conspiracy. Even conceding that he knew that his wife was trying to locate the decedent, does not demand the conclusion that he knew of her prior intent, if any, to kill the decedent or was participating in such a plot. The defendant characterized his wife as very unhappy, always fussing with people, hard to control, unpredictable and not very communicative with him with regard to her plans and intentions. It is a fair conclusion, not only from his description of her and his statement that she is now in a mental hospital, but also from the evidence as a whole, that she was emotionally unstable. There was testimony that her reputation was not "recommended." Her behavior in the very act of shooting the decedent, shouting at him in between shots, threatening the witness and shooting at his rear window, etc., bears out this appraisal. In view of her personality, it is not at all difficult to understand how the defendant would have been reluctant to question or contradict her expressed wishes, even if he did not understand fully what her intentions were. The defendant, on the other hand, stated that he had never hurt anything in all his life, which was supported by testimony as to his good and peaceable character for at least 30 years. It is not shown that he had any motive to conspire to kill the decedent. His wife, not he, had had the legal encounter with the decedent. His explanation of the events immediately preceding the shooting is entirely consistent with the evidence, including that of her nature. According to him, he didn't even realize who was in the decedent's automobile, didn't know that his wife was going to cut off his ignition switch or engage in an argument with the decedent and he remained, frightened, in his automobile until he could determine what she was going to do. This is supported by the evidence that he did, in fact, remain in his vehicle until after the shooting occurred, making no threats and carrying no weapon (so far as the evidence unequivocally shows) and by evidence that she did not have her pistol with her when she got out of her automobile, but reached in and got it in the heat of the argument with the decedent. It is highly improba-

ble that the defendant would have conspired with his wife to murder the decedent on a public highway, in broad daylight, in the presence of a witness and by having her do the act itself, rather than doing it himself. Even if the witness could have positively testified that the defendant was armed after the shooting, this is not inconsistent with a legitimate purpose of trying to protect his wife after he heard "some guns" firing (indicating that he may have thought that the decedent and/or Reece were armed and firing weapons at his wife).

In summary, the evidence in this case, which, of course, does not include the defendant's statement, did not show beyond a reasonable doubt that the defendant conspired with his wife to murder the decedent and it did not exclude the reasonable hypothesis, that the defendant obeyed his wife's directions out of his fear of antagonizing her emotionally unstable disposition and, possibly, his knowledge that she had access to a deadly weapon or weapons, and that he was unaware of her prior intent, if any existed, to murder the decedent and that he was unwittingly and unwillingly caught up in her rash, and probably unpremeditated, act of violence.

Hence, the testimony of Stansell was improperly admitted and the remaining circumstantial evidence was wholly insufficient to authorize the verdict of guilty. Therefore, the trial court erred in its judgment overruling the motion for a new trial on the general grounds. The circumstantial evidnce not having excluded every other reasonable hypothesis save that of the guilt of the accused, the State has failed to carry its burden of proof and the judgment on the verdict is, therefore, set aside.

*Judgment reversed. All the Justices concur.*