### 46474. SHARP v. THOMAS.

QUILLIAN, Judge. The appellant filed a claim against the appellee for damages which he alleged resulted from a collision between an automobile driven by the appellee and one which he was driving. The jury returned a verdict for the appellant in the amount of $1,500. The appellant filed a motion for a new trial which was overruled and the case is here for review. *Held:*

1. The appellant contends that the verdict of the jury was inadequate as a matter of law. He argues that the medical bills amounted to $790 and together with the plaintiff's loss of wages and damages to his automobile the special damages exceeded the verdict. With this contention we cannot agree.

Assuming but not deciding that the medical expenses were properly proved either by the doctors who performed the services or by the plaintiff, which is now permissible un-

der the provisions of *Code Ann.* § 38-706.1 (Ga. L. 1970, p. 225), there were other special damages as to which the evidence was not conclusive.

The plaintiff testified that he missed a great deal of time from work; however, there was evidence that he was engaged in subdividing lots and building houses during that time. In regard to the damage to his automobile, there was no evidence as to its value immediately prior to the collision.

"After a verdict, the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict." *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (1) (173 SE2d 232), and cases therein cited. *Code* § 105-2015 reads: "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias."

In the case of *Busbee v. Battle,* 122 Ga. App. 450 (177 SE2d 500), the following appears: "A jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it being their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration. *Sappington v. Bell,* 115 Ga. 856 (42 SE 233); *Lawhon v. Henshaw,* 63 Ga. App. 683 (11 SE2d 846)."

The damages were not inadequate as a matter of law so as to justify an inference of gross mistake or undue bias. *Johnson v. Cook,* 123 Ga. App. 302 (1) (180 SE2d 591).

2. The trial judge charged the jury: "The driver of a leading vehicle must exercise ordinary care not to stop, slow up or swerve from his course without adequate warning to the following vehicle of his intention to do so, and the driver of a following vehicle in his turn must exercise ordinary care to avoid collision with the vehicles both in front and those behind him. The mere fact that one vehicle is struck in its rear while another is not is not in and

of itself sufficient to fix liability on the driver of either vehicle."

The appellant contends the charge was error because it was inappropriate since there was no evidence that the defendant was negligent. The jury having found in favor of the appellant on this issue he may not complain of the giving of the instruction. *Peterson v. Wadley & Mount Vernon R. Co.,* 117 Ga. 390 (1) (43 SE 713); *Jackson v. Seaboard A. L. R.,* 140 Ga. 277, 283 (78 SE 1059).

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*
ARGUED SEPTEMBER 14, 1971—DECIDED NOVEMBER 12, 1971— REHEARING DENIED DECEMBER 3, 1971.

*Peek, Whaley & Haldi, William H. Whaley, Glenville Haldi, C. Glenn Stanford,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley,* for appellee.