## 46903. HUDGINS v. THE STATE.

SUBMITTED JANUARY 31, 1972—DECIDED FEBRUARY 24, 1972.

*Wyatt & Wyatt, Charles Solomon, Jr., L. M. Wyatt,* for appellant.

*Eldridge W. Fleming, District Attorney,* for appellee.

EBERHARDT, Judge. The sole question here is whether there is sufficient evidence to support the verdict. We conclude that there is, albeit the evidence as to the defendant's guilty knowledge as to the stolen goods was circumstantial in nature. "After the verdict, the testimony is construed in

its most favorable light to the prevailing party, which in this case is the State, for every presumption and inference is in favor of the verdict. *Bell v. State,* 21 Ga. App. 788 (95 SE 270)." *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146). This rule applies in cases dependent upon circumstantial evidence as well as others, for it will be noted in the *Wren* case that the court asserts, at page 642, that the evidence was "wholly circumstantial."

"Knowledge that goods are stolen is an essential element of the crime of receiving stolen goods. It may be shown by circumstances which would excite suspicion in the mind of an ordinarily prudent man." *Nichols v. State,* 111 Ga. App. 699 (2) (143 SE2d 41). Accord: *Prather v. State,* 116 Ga. App. 696 (1) (158 SE2d 291).

The testimony of J. C. Crumley, Jr., who, with his brother, Kenneth Crumley, admitted having burglarized the bus maintenance shop of the Troup County Board of Education where they took some mechanic's tools and subsequently sold them to the defendant, that the defendant "knowed" the tools, etc., were stolen is without probative value, for he gave no basis for this conclusion but rather testified that he did not tell the defendant that the tools were stolen, or where they had been obtained.

However, there was circumstantial evidence which the jury was authorized to consider and upon which they were authorized to conclude that the defendant did know that the tools were stolen when he bought them.

First, the tools were brought to his garage by two men who were not in the business of selling tools and auto supplies; they were painters and workers in a textile mill at times, and the defendant had known them for some time.

Second, he bought the tools, oil, etc., having a value in excess of $800, for $40. In his unsworn statement the defendant admitted that at the time he thought that he had "bought a bargain." He knew that he was paying greatly less than value. "Buying at a price grossly less than value is a circumstance sufficient to excite suspicion and when that is shown a conviction is authorized. *Pharr v. State,* 26

Ga. App. 433 (106 SE 306)." *Nichols v. State,* 111 Ga. 699, 702, supra. Accord: *Cobb v. State,* 76 Ga. 664; *Cobb v. State,* 78 Ga. 801 (3 SE 628). In the *Nichols* case it appeared that the defendant had purchased merchandise worth $184 for $35. The disparity is much greater here.

Thirdly, the officers testified that when they went to search defendant's place for the tools, spray gun, etc., he was asked whether he had any of the items and denied that he did until the Crumley boys stated in his presence that they had let him have them.

Fourthly, some of the tools and the cans of oil were found locked in the trunk of an old junked car which was located just back of the defendant's garage, while the rest of the items found were, for the most part, mixed in with his own shop tools.

This circumstantial evidence was enough to authorize the jury to conclude that the defendant did know, or should have known, that the items he was buying were stolen, and the requirement of *Code Ann.* § 26-1806 was met.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*