47079.   LUKE v. THE STATE.

DEEN, Judge. 1. It was held in *Aiken v. State,* 226 Ga. 840, 847 (178 SE2d 202): "Had the accused been denied counsel at the line-up, the result would only be that an in-court identification by a witness viewing the line-up would be excluded from evidence, if the court should find that the State had not shown that the in-court identification was based upon observations of the suspect other than the line-up identification. United States v. Wade, 388 U. S. 218, 240. . . Two witnesses who had viewed the line-up identified the appellant at the trial. No objection was made to their in-court identification. . . No error is shown in allowing the in-court identifications in evidence."

In this case the victim of three burglaries positively identified the defendant based upon her view of him at the time she discovered him in her house. While evidence

regarding line-up procedures was brought out by defense counsel on cross examination, there was no objection to the procedure used or to the in-court identification. Accordingly, no ruling of the trial court is here presented for review.

2. The defendant was convicted of three counts of felony burglary committed on the premises of the prosecutrix. On the second of the three occasions, all of which took place during the same week, he attempted to rape her. It appears that shortly before these occurrences an unidentified person had entered the house and raped the prosecutrix' daughter. During the mother's narration of her conversation with the defendant on the occasion of the attempted rape (which formed an important part of the State's case for the collateral reason that it showed her observation of him at close range over a period of about 15 minutes and thus tended to strengthen her positive identification of the defendant as the intruder) she asked him whether he was the same person who had come in and raped her daughter, to which he replied in the negative. The testimony was objected to as introducing evidence of a crime not charged in the indictment. The testimony was allowed by the trial court on the basis that it was a part of the res gestae, "Words and conduct of the defendant at the time the offense is committed are a part of the res gestae. *Weldon v. State,* 84 Ga. App. 634 (1) (66 SE2d 920); *Johnson v. State,* 69 Ga. App. 377 (1) (25 SE2d 584)." *Jefferson v. State,* 101 Ga. App. 308 (2) (113 SE2d 500). The admission of this testimony was not error.

3. While the intruder was not seen on the first occasion, a pocketbook containing identification and a house key were stolen. The defendant was identified on the second occasion; and the door had been opened by a key. The identification stolen on the first visit, along with a television set and other property removed on the third entry, were found on him at the time of his arrest. The evidence was sufficient to establish the defendant's guilt on

the three burglary counts as well as the misdemeanor count for illegally carrying a pistol.

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*
ARGUED APRIL 6, 1972—DECIDED APRIL 19, 1972.

*Guy J. Notte,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, James H. Mobley, Jr., Richard E. Hicks,* for appellees.