## 47424. TOWNSEND v. THE STATE.

CLARK, Judge. This appeal is from an involuntary man-
slaughter conviction based upon an indictment charging
defendant with the commission of two unlawful acts,
namely (1) driving under the influence of intoxicants or
drugs and (2) driving on the wrong side of the road.

Defendant truck driver was driving on Highway 29 north of
Athens en route from Birmingham, Alabama, to Wash-
ington, Georgia, when his tractor-trailer collided with a
car in which the victim was a passenger who was killed
in the wreck. There were no surviving eyewitnesses. De-
fendant's tractor-trailer was headed south and the car
was approaching from the opposite direction. Both vehi-
cles ended up off the highway on the north-bound lane
side, which was the wrong side for the defendant's vehi-
cle. Gouge marks in the pavement indicated the point of
impact to be 7 feet 7 inches from the centerline and in
the decedent's traffic lane. The first passer-by to stop
helped defendant out of the truck and noticed defendant
staggered. The passer-by did not smell alcohol on defend-
ant's breath but found a half-empty whiskey bottle on
the cab's floorboard. He also saw defendant remove a bot-
tle of pills and throw it into the woods. The passer-by
retrieved the bottle of pills (which upon later analysis by
the State Crime Lab proved to be amphetamines). He
gave both the pill and whiskey bottles to the police upon
their arrival. During the interval of about 10 minutes
while the officer was at the automobile containing the

deceased, defendant disappeared. Approximately four to four and one-half hours later defendant reappeared at the accident scene, at which time the officer arresting him smelled alcohol on defendant's breath and observed him to be walking in a stagger. Appellant's activities during the interim were never accounted for although one of the investigating officers speculated that "maybe he was in a daze or something and wandered off." The blood alcohol test taken more than four hours after the collision showed the presence of ethyl alcohol in defendant's system of 0.12 gram percent.

Defendant denied drinking or taking pills either before or after the accident. *Held:*

1. Defendant contends that since there was no direct proof showing him to have been intoxicated or on the wrong side of the road at the time of the accident and that the lapse of more than four hours between his operation of the truck and his observed intoxication with the evidence being mainly circumstantial, the evidence is insufficient to show the defendant's guilt to the exclusion of every other reasonable hypothesis. Defendant cites in support of his contention *Painter v. State,* 101 Ga. App. 21 (112 SE2d 704); *Williams v. State,* 96 Ga. App. 833 (101 SE2d 747); *Gunder v. State,* 95 Ga. App. 176 (97 SE2d 381); and *Waters v. State,* 90 Ga. App. 329 (83 SE2d 25).

These cases and others of like tenor were expressly disapproved by this court in the recent case of *Stephens v. State,* 127 Ga. App. 416 (193 SE2d 870), an opinion rendered after this appeal was docketed. Our court there held in Headnote 2 that "A conviction of driving a motor vehicle on the public highway while under the influence of drugs or intoxicants may rest upon circumstantial evidence where it is sufficient to exclude every reasonable hypothesis save that of guilt" and in Headnote 4 that "The corpus delicti may be shown by circumstantial evidence as well as by direct evidence."

2. What are the rules by which the circumstantial evidence

is to be measured in order to meet the requirements of *Code* § 38-109 so as "not only [to] be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused?".

The jury determines if there is sufficient evidence, direct or circumstantial, to require a verdict of guilty. "Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors." *Smith v. State,* 56 Ga. App. 384, 387 (192 SE 647) as quoted with approval in *Townsend v. State,* 115 Ga. App. 529, 531 (154 SE2d 788) and in *Johnson v. State,* 126 Ga. App. 93, 96 (189 SE2d 900).

"In making a determination of whether any other reasonable hypothesis exists, the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted." *Elam v. State,* 125 Ga App. 427, 430 (187 SE2d 920). In accord, *Redwine v. State,* 207 Ga. 318, 324 (61 SE2d 481); *Sentell v. State,* 227 Ga. 153 (179 SE2d 234); *Busbee v. Battle,* 122 Ga. App. 450 (177 SE2d 500). "It is not necessary, however, in order to sustain a verdict of conviction, that the evidence exclude every possibility or every inference that may be drawn from the proved facts, but only necessary to exclude reasonable inferences and reasonable hypotheses. *Wrisper v. State,* 193 Ga. 157, 164 (17 SE2d 714), and cases there cited." *Dunson v. State,* 202 Ga. 515, 521 (43 SE2d 504).

"All that the law requires is that the evidence be such as to justify the inference, beyond a reasonable doubt, that the . . . act has been committed." *Johnson v. State,* 119 Ga. 446, 447 (46 SE 634). In the instant case, defendant admits driving the truck and the collision, with sufficient circumstantial evidence for the jury to determine that

the defendant was driving on the wrong side of the road and while intoxicated. "The evidence is consistent with his guilt and inconsistent with his innocence." *Vinson v. State,* 120 Ga. App. 425, 426 (170 SE2d 749).

"After the verdict, the testimony is construed in its most favorable light to the prevailing party, which in this case is the State, for every presumption and inference is in favor of the verdict. *Bell v. State,* 21 Ga. App. 788 (95 SE 270)." *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146). This rule has been applied where the evidence is circumstantial. *Wren v. State,* supra, p. 642; *Hudgins v. State,*· 125 Ga. App. 576, 578 (188 SE2d 430).

The Court of Appeals in *Stephens v. State,* 127 Ga. App. 416, supra, has expressly disapproved the *Waters, Ray,* and *Gunder* cases relied upon by defendant and on which *Williams v. State,* 96 Ga. App. 833 (101 SE2d 747) was bottomed. Therefore, we hold *Williams* is also disavowed by the *Stephens* decision insofar as it held that the corpus delicti cannot be shown by circumstantial evidence.

3. The trial court properly instructed the jury that *Code Ann.* § 68-1625 was applicable to the facts of this case as there was sufficient evidence upon which the jury could find that the defendant was driving while intoxicated. Enumeration No. 7 is accordingly without merit.

4. Enumerations numbers 2 and 6 attacked the admissibility of the analysis of the defendant's blood alcohol test and of the policeman's testimony that he smelled an alcoholic beverage on defendant's breath because these events occurred more than four hours after the collision. The defendant's blood alcohol test revealed 0.12 grams percent alcohol in defendant's blood at that time. *Code Ann.* § 68-1625 (b) (3) provides that 0.10 grams percent alcohol or more gives rise to a presumption of intoxication. An expert testified that the percentage of alcohol in the blood decreased at the rate of .01 to .02 grams percent per hour (T. 43). Such circumstances, though they occurred approximately 4 hours after the accident, are relevant. "Any evidence is relevant which logically tends

to prove or to disprove a material fact which is at issue in the case. . ." *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643). In accord, *Bond v. State,* 104 Ga. App. 627 (3) (122 SE2d 310). "Where testimony tends to illustrate an issue or to aid in arriving at truth, it should not be rejected, though alone it may appear to be irrelevant." *Curtis v. State,* 102 Ga. App. 790, 795 (118 SE2d 264). In accord, *Stone v. State,* 118 Ga. 705 (7) (45 SE 630, 98 ASR 145). "The question as to the admissibility of evidence is not to be determined by its weight." *Fuller v. State,* 196 Ga. 237 (2) (26 SE2d 281). In accord, *Central of Ga. R. Co. v. Brower,* 106 Ga. App. 340, 344 (127 SE2d 33).

In 1886 our Supreme Court in *Gilmer v. City of Atlanta,* 77 Ga. 688, in Headnote 1 (a) recognized the trend at that date to be: "In cases of doubt as to the admissibility of evidence, the current of authority in this State is to admit it and leave its weight and effect to be determined by the jury." Eighty-one years later, in 1967, our court in *Atlantic C. L. R. Co. v. Blount,* 116 Ga. App. 86 (2) (156 SE2d 409) adopted this propensity towards enlargement when in doubt of admissibility of evidence as being the expression of a "realistic view" in quoting from page 90 of the earlier decision as follows: "'The current of opinion in this State by this court is, that what sheds light on the truth of the transaction should go to the jury; that the doors should be open rather than shut to testimony; and that, in doubtful cases, the doors should always open, letting the jury pass upon the effect and weight to be given to such evidence.'" Today, we continue to regard this wise directive to be sound policy and good law.

There was no error in the admission of this evidence.

5. Enumerations of error 3, 4, and 5 deal with the admission of the bottle of whiskey and the bottle of pills. These were part of the res gestae and were therefore properly admissible into evidence. Both were in the truck with defendant at the time of the accident. The

passer-by found the whiskey bottle on the floorboard after helping defendant out, and retrieved the bottle of pills from the woods where he had seen defendant throw it. Even though there was no evidence that defendant had taken any of these amphetamines, the jury was entitled to know about them in view of defendant's conduct in seeking to dispose of what might be incriminating evidence since the accusation in the indictment followed the language of *Code Ann.* § 68-1625.

*Code* § 38-305 defines res gestae as "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of res gestae." But the decisions and authorities do not limit the term "Res gestae" to such codal restriction of "declarations." It has always included "[T]he circumstances, facts and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character." *Carter v. Buchannon,* 3 Ga. 513 (1). As was explained at p. 517 in that opinion by Hon. Eugenius Aristides Nisbet[1]: "The idea of res gestae presupposes a main fact, or principal transaction. . . With this preliminary remark, I answer, that the res gestae, mean the circumstances, facts and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character. I do not claim that this definition is perfect, for I know that the res gestae are different in different cases; no definition could be framed so comprehensive as to embrace all cases, hence it is left to the sound discretion of the courts what they shall admit to

---

[1]One of the three legal luminaries, the other two being C. J. Joseph Henry Lumpkin and Hiram Warner, constituting our Supreme Court upon its establishment, its first session being held at Talbotton on Jan. 26, 1846. He drew the ordinance under which Georgia seceded from the Union. (History of the Supreme Court of Georgia, p. 49.) His memorial appears in 43 Ga. 658.

the jury along with the main fact, as parts of the res gestae. But perhaps this definition embraces as nearly all that is meant in legal parlance by that phrase, as any other which can be drawn from the books. One peculiarity of the main fact or transaction ought to be noted, and that is, that it is not necessarily limited as to time; it may be a length of time in the action. The time of course depends upon the character of the transaction; it is however, well settled, that the acts of the party, or the facts or circumstances or declarations which are sought to be admitted in evidence, are not admissible unless they grow out of the principal transaction, illustrate its character, and are contemporary with it." See also *Mitchum v. State,* 11 Ga. 615, 622.

With reference to lapse of time our nonpareil Chief Justice Logan Bleckley in his classic decision of *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 775 (12 SE 18) wrote: "The rule contemplates that all the res gestae, including declarations forming part thereof, must transpire within the present time of the transaction. But that time, while it cannot be less, may be more extended than the present of the principal fact, in some instances a little, in others much, and in others very much more. Usually if they can all be ascertained, some of the res gestae will be found simultaneous with, and some anterior and others posterior to the principal fact. Thus, suppose an electric discharge during a summer shower to be the principal fact, the formation of the cloud, the falling of the rain, the thunder and its reverberation would all, for some purposes, be within the res gestae of the event, though the principal fact was but a flash of lightning."

The principal fact in the case sub judice would be the collision. It is evident that defendant's possession of liquor and amphetamines and his attempt to throw them away were circumstances which either became known or occurred immediately after the defendant realized that a collision had occurred. Therefore, these two circumstances occurred contemporaneously with the principal

fact. They are relevant as they illuminate defendant's mental and physical condition at the time of the collision and in addition, the probable causes of the collision. See *Floyd v. State,* 143 Ga. 286, 287 (84 SE 971); *Simmons v. State,* 79 Ga. 696 (1) (4 SE 894); *Gates v. State,* 120 Ga. App. 518 (2) (171 SE2d 375); *Weldon v. State,* 84 Ga. App. 634, 635 (66 SE2d 920).

The trial court properly admitted evidence of defendant's possessing and throwing away two bottles containing liquor and amphetamines as part of the res gestae. See *Tiller v. State,* 196 Ga. 508 (5) (26 SE2d 883), where then Justice Duckworth[2] succinctly says, "*Code* § 38-305, relating to res gestae, concerns merely the admissibility of evidence, which is a question for the court, the weight to be given which is for the jury." So it is the jury's province to categorize the two circumstances as "falling rain" or merely "thunder" (to use Chief Justice Bleckley's metaphor). Obviously, since the jury found the defendant guilty of involuntary manslaughter, the weight given the two circumstances must be equated with "falling rain."

6. The trial court properly denied the motion for new trial as amended.

*Judgment affirmed. Eberhardt, P. J., concurs. Deen, J., concurs in the judgment only.*

ARGUED SEPTEMBER 14, 1972—DECIDED NOVEMBER 22, 1972— REHEARING DENIED DECEMBER 20, 1972.

*Hudson & Montgomery, Jim Hudson,* for appellant.
*Clete D. Johnson, District Attorney,* for appellee.

DEEN, Judge, concurring in the judgment only. For over

---

[2]William Henry Duckworth served on our Supreme Court from 1938 until his death in 1969, twenty-one of those years being as Chief Justice. His eminence was such that in 1955 he was chosen as Chairman of the National Conference of Chief Justices. His memorial appears in 226 Ga. XXIX et seq.

four hours between the time of the collision and the time of the blood test the whereabouts of this defendant were unknown. Therefore, to allow in evidence the result of an alcohol blood test made some four and a half hours after the defendant had ceased driving for the purpose of proving that he was intoxicated *while* driving (the gravamen of the offense of involuntary manslaughter in the commission of an unlawful act) is to allow circumstantial evidence of no probative value, since it was equally possible for the defendant to have drunk the whiskey after as before the wreck.