## 48094. LASSITER v. THE STATE.

PANNELL, Judge. The appellant was convicted of robbery by intimidation and given a five-year sentence. On appeal to this court his enumerations of error are as follows: "1. The Superior Court erred when it

permitted, despite the absence of an objection or a motion to suppress, in-court identifications of the defendant by two eyewitnesses and testimony concerning a line-up identification without first requiring the state to show either that the defendant had counsel or properly waived counsel and that the in-court identifications had a basis independent of the line-up and suggestive photographic exhibitions. 2. The superior court erred when, over objection, it permitted the state to introduce into evidence against defendant a statement he made while being booked after he had expressly asserted his Miranda rights." *Held:*

1. There being neither an objection to nor a motion to suppress the evidence, the admission of which is complained of and objected to for the first time on appeal, cannot be reviewed by this court. *Starr v. State,* 229 Ga. 181 (1) (190 SE2d 58); *Mitchell v. State,* 225 Ga. 656 (4) (171 SE2d 140); *Luke v. State,* 126 Ga. App. 111 (190 SE2d 85).

2. After refusing to waive his "Miranda rights," the defendant, while engaged in a conversation with a police officer, stated that he had heard of the warrant (charging him with the offense for which he was indicted, tried and convicted in the present case), but did nothing about it. Assuming, without deciding, that the statement made was in answer to a question from, or interrogation by the police officer, it does not appear that the statement related in any way to the question of whether the defendant did or did not commit the offense charged, was neither an admission against his interest nor a confession, and was not objectionable on the ground urged.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED APRIL 10, 1973 — DECIDED
APRIL 24, 1973.

*James C. Bonner, Jr.,* for appellant.